**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEY CONSOLIDATED 2000, INC., d/b/a KEYSTONE INSPECTION SERVICE,<br><br>  Plaintiff,<br><br>  v.<br><br>JACOB TROOST and BUYERS 1ST INSPECTION SERVICES, INC.,<br><br>  Defendants. | CIVIL ACTION NO. 3:05-CV-2133<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Motion of Defendants, Jacob Troost and Buyers 1st Inspection Services, Inc. to Dismiss under FRCP 12(b)(6) (Doc. 8).  For the reasons set forth below, Defendants' motion will be denied.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## BACKGROUND

According to the facts as alleged in Plaintiff's Complaint, Key Consolidated 2000, Inc. ("Keystone"), hired Defendant Jacob Troost to perform home and building inspections on behalf of Keystone on March 11, 2002. (Doc. 1 ¶ 15.)  Keystone and Defendant Troost entered into an agreement which states, in relevant part:

> This agreement acknowledges the value of the training, proprietary business procedures and techniques provided by the company and its employees, and is to cover all compensation derived from home/building inspections performed utilizing the training and procedures provided by the company.
>
> Compensation or fees received by Jacob "Jim" Troost. in

1

>   the home inspection business are to be as follows:
>
>   20% fees on all inspections performed to be compensation for above named inspector until such time as inspector performs 100 structural inspections, at which time compensation will be increased to 25% of fee. At such time as inspector becomes ASHI certified, rate of compensation will increase to 30% of fee. The company reserves the right to modify compensation on peripheral inspections e.g. water, radon or other environmental tests based on the cost/selling price ratio.
>   It is company policy that all inspectors become ASHI certified. It is the responsibility of the inspector to achieve this status in an expeditious manner.
>   The value of this training, proprietary business procedures and techniques is hereby established at $10,000. This full amount plus accrued interest of 8% per annum is due and payable at such time as the above named inspector derives any income from any sources outside of Keystone (Company) organization, utilizing the procedures and training techniques provided by the Company. This agreement covers the above inspector, Keystone Inspection Service, Key Consolidated 2000, Inc., and there assignees.

(Doc. 1 ¶ 15, Ex. 4.)

During his employment with Keystone, Defendant Troost received the above training and was entrusted with access to Keystone's Home Inspection Reports ("Reports"). (Doc. 1, ¶ 16.) Keystone's Reports "contain material wholly original with Plaintiff that is copyrightable subject matter. . . ." (Doc. 1, ¶ 9.) On September 13, 2005, Plaintiff filed for and received Certificates of Registration for its Home Inspection Reports versions 2.0, 2.1, and 3.1. (Doc. 1, ¶¶ 10-12, Exs. 1-3.)

On or about April 11, 2005, Defendant Troost filed letters of incorporation with the Department of State of the Commonwealth of Pennsylvania to form Buyers 1st Inspection Services, Inc. ("Buyers"). (Doc. 1, ¶ 17.) In May of 2005, Defendant Troost left

Keystone.  (Doc. 1, ¶ 19.)  Defendant Troost, at the time of his departure, possessed unauthorized copies of one or more of Keystone's Reports.  *Id*.  Since May of 2005, Defendants Troost and Buyers have been using, reproducing, and distributing copies of one or more of Keystone's Reports.  (Doc. 1, ¶ 21.)

Plaintiff filed an action for breach of contract and copyright infringement on October 19, 2005.  (Doc. 1.)  On November 14, 2005, Defendants' filed the present Motion to Dismiss.  (Doc. 8.)  The motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or

"legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**1.    Breach of Contract**

First, Defendants argue that Plaintiff's breach of contract claim should be dismissed because the alleged contract is void under Pennsylvania Law. Specifically, Defendants assert that the contract at issue is unquestionably a restrictive covenant relating to employment, which is void of necessary temporal and geographical limitations. I disagree.

Reading the Complaint in the light most favorable to Plaintiff, it is not clear that the agreement in question encompasses a restrictive covenant void of temporal limitations.[1]

---

[1]    The agreement reads in relevant part:

> This agreement acknowledges the value of the training, proprietary business procedures and techniques provided by the company and its employees. . . .
>
> . . .The value of this training, proprietary business procedures and techniques is hereby established at

4

First, the contract can be construed as addressing the value of training received by Defendant Troost, rather than as a non-competition agreement.  Second, the contract can be construed as containing a temporal limitation.

Furthermore, a cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages.  *Corestates Bank N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999).  Plaintiff's has sufficiently alleged in its Complaint each of these elements.  Therefore, I will Defendants' motion with regard to Plaintiff's breach of contract claim.

## 2.     Copyright Infringement

Defendants, next, argue that Plaintiff's copyright infringement claims must be dismissed because Plaintiff fails to demonstrate that the works in question meet the originality requirement for copyright protection.  For the following reasons, I will deny Defendants' motion to dismiss with regard to Plaintiff's copyright infringement claims.

There are two essential elements to a claim for copyright infringement: ownership of a copyright, and copying by the defendant.  *Dam Things from Den. v. Russ Berrie & Co.*, 290 F.3d 548, 561 (3d Cir. 2002) (citing *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1231 (3d Cir. 1986)).  Therefore, in order to withstand a motion to

---

> $10,000. This full amount plus accrued interest of 8%
> per annum is due and payable at such time as the
> above named inspector derives any income from any
> sources outside of Keystone (Company) organization,
> utilizing the procedures and training techniques provided
> by the Company. . . .

(Doc. 1, Ex. 4.)

5

dismiss, a complaint based on copyright infringement must allege: (1) which specific original works are the subject of the copyright claim; (2) ownership of the copyrights in those works; (3) registration of the works in question with the Copyright Office in accordance with 17 U.S.C. §§ 101, et seq.; and (4) by what acts the defendant infringed the copyright. *See, e.g., EEOC v. Vanguard Group*, No. 04-4126, 2006 U.S. Dist. LEXIS 17935, at *12 (E.D. Pa. April 7, 2006).

In the present case, viewing the Complaint in the light most favorable to Plaintiff, each element of a claim for copyright infringement has been sufficiently alleged. First, Plaintiff alleges that it authored a text for home inspection reports which "contain[s] material wholly original with Plaintiff that is copyrightable subject matter. . . ." (Doc. 1, ¶ 9.) Second, the Complaint alleges that Plaintiff has been the sole proprietor of all rights and interests in the copyrights in the texts in question. (Doc. 1, ¶ 13.) Further, Plaintiff alleges that it received certificates of registration for three versions of the text in question. (Doc. 1, ¶¶ 10-12, Exs. 1-3.) In addition, Plaintiff alleges that Defendants had access to Plaintiff's text. (Doc. 1, ¶ 16.) Lastly, the Complaint alleges that Defendants used, copied and distributed the text without Plaintiff's permission. (Doc. 1, ¶ 17, 18, 21.) As such, Plaintiff is entitled to offer evidence in support of its claims of copyright infringement.

## CONCLUSION

Viewing the Complaint in the light most favorable to Plaintiff, there are sufficient allegations within the Complaint to support Plaintiff's copyright infringement and breach of contract claims. Therefore, I will deny the Motion of Defendants, Jacob Troost and Buyers 1st Inspection Services, Inc. to Dismiss under FRCP 12(b)(6) (Doc. 8).

An appropriate Order will follow.

| | |
|---|---|
| March 25, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEY CONSOLIDATED 2000, INC., d/b/a KEYSTONE INSPECTION SERVICE,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>JACOB TROOST and BUYERS 1ST INSPECTION SERVICES, INC.,,<br><br>　　　　Defendants. | CIVIL ACTION NO. 3:05-CV-2133<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this ___25th___ day of May, 2006, **IT IS HEREBY ORDERED** that Motion of Defendants, Jacob Troost and Buyers 1st Inspection Services, Inc. to Dismiss under FRCP 12(b)(6) (Doc. 8) is **DENIED**.

　　　　　　　　　　　　　　　　　　　　　 /s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　United States District Judge